KENNETH M. WEBSTER, ESQ.
Nevada Bar No. 7205
HALL PRANGLE & SCHOONVELD, LLC
1140 North Town Center Drive, Ste. 350
Las Vegas, Nevada 89144
Phone: 702-889-6400
Facsimile: 702-384-6025
efile@hpslaw.com
*Attorneys for Plaintiff Sunrise Hospital and Medical Center, LLC dba Sunrise Hospital & Medical Center*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SUNRISE HOSPITAL AND MEDICAL CENTER, LLC D/B/A SUNRISE HOSPITAL & MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>Local 1107 of the Service EMPLOYEES INTERNATIONAL UNION,<br><br>Defendant. | CASE NO.  2:24-cv-1247<br>DEPT NO.<br><br><br><br>**BREACH OF CONTRACT**<br><br>**ORIGINAL COMPLAINT** |

Comes now Plaintiff Sunrise Hospital and Medical Center, LLC d/b/a Sunrise Hospital & Medical Center, by and through its identified counsel, and, in support of the instant Complaint for Breach of Contract (Collective Bargaining Agreement) would state and show the following:

**A. JURISDICTION**

1. Jurisdiction is based upon Section 301(a) of the Labor Management Relations Act, 1947, 61 Stat. 156, 29 U.S.C. §185(a) (1998) which, by its terms, confers federal subject-matter jurisdiction for the instant Breach of Contract Complaint.

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

### B. VENUE

2. Venue in this Court and District of Nevada is appropriate because:

   a. Plaintiff Sunrise Hospital and Medical Center, LLC d/b/a Sunrise Hospital & Medical Center (herein after "Plaintiff") is located at 3186 South Maryland Parkway, Las Vegas, Nevada 89109.

   b. Defendant Local 1107 of the Service Employees International Union (hereinafter "Defendant") offices are located 2250 South Rancho Drive, Las Vegas, Nevada 89102.

### C. PARTIES

3. Plaintiff is an employer as defined by the National Labor Relations Act, 29 U.S. Code Section 152(2).

4. Plaintiff is a wholly owned, indirect subsidiary of HCA Healthcare, Inc. (hereinafter "HCA Healthcare").

5. Plaintiff is the largest acute care facility in Las Vegas, Nevada with 834 bed capacity and employing some 3973 employees and provides comprehensive quality healthcare for residents throughout Southern Nevada.

   a. Plaintiff provides the most comprehensive Children's Hospital in the Southern Nevada area including the largest neonatal intensive care unit in the state of Nevada.

   b. Plaintiff is Nevada's only Advanced Comprehensive Stroke Center, a stroke program recognized by the American Stroke Association with a Gold-Plus Achievement Award and recipient of the Target Stroke Award for quality achievement.

   c. Plaintiff is one (1) of only five (5) cancer programs in the state of Nevada to be accredited by the American College of Surgeon's Commission on Cancer.

   d. Plaintiff is Southern Nevada's only Breast Center accredited by the National Accreditation for Breast Center (a quality program of the American College of Surgeons).

6. Defendant is a labor organization as defined by the National Labor Relations Act, 29 U.S. Code Section 152(5)(Suppl. 5 1934).

7. Defendant represents approximately 3277 of Plaintiff's employees in a combined bargaining unit composed of registered nurses, technical employees, business office clerical employees, and all other non-professional, non-confidential, non-supervisory employees. Exhibit 1, Collective Bargaining Agreement Sunrise Hospital and Medical Center and SEIU Local 1107, June 16, 2023 through March 31, 2026, page 16, Article 1 Recognition, Section 1.1 Exclusive Bargaining Representative

### D. STATEMENT OF FACTS

8. Plaintiff and Defendant (herein jointly referred to as the "Parties") successfully negotiated, and are signatories to, a collective bargaining agreement effective June 16, 2023 through March 31, 2026 (herein after "Agreement") that covers the respective rights and obligations of the Parties as well as terms and conditions of employment for the represented bargaining unit employees. Exhibit 1

9. The Agreement contains a grievance and arbitration process for the resolution of disputes or disagreements involving the interpretation, application, or compliance with specific provisions of the Agreement or the discipline or discharge of represented bargaining unit employees. Exhibit 1, page 27, Article 10 Grievance and Arbitration, Section 10.1 Definition of Grievance

10. The instant Complaint that Defendant breached the Agreement is not subject to the grievance and arbitration process referenced in the above paragraph 9 and, therefore, is proper before this Court. Exhibit 1, page 27, Article 10 Grievance and Arbitration, Section 10.1 (Only the Defendant and/or represented bargaining unit employees may file a grievance; the Plaintiff may not.) and Exhibit 1, page

28, Article 10 Grievance and Arbitration, Section 10.3.3 Step 3-Arbitration (Only the Defendant may appeal any grievance to arbitration; the Plaintiff may not.) *See also Litton Fin. Printing Div. v NLRB*, 501 U.S. 190, 200 (1981), *quoting, Steelworkers v. Warrior & Gulf Navigation Co*., 363 U.S. 574, 582 (1960) (Basic federal labor policy is that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.")

11. The Agreement contains the Parties' express mutual promise to "act[] in ways that promote respect for all persons and each other" and the mutual recognition that keeping this promise is critical to the overriding shared vision of providing high quality, therapeutic, accessible, and affordable healthcare to the served communities. Exhibit 1, page 80, Article 61, Shared Vision

12. The obligation to promote respect and avoid derogatory and divisive conduct is directly addressed in several provisions of the Agreement. Thus,

   a. The Defendant's promise that no Union materials or communications will be critical of "any Hospital employee, or of any policy relating to patient care or the delivery of patient care at the Hospital." Exhibit 1, page 18, Article 3, Union Access and Communications, Section 3.1;

   b. The Defendant's promise not to present any controversial information during new employee orientation. Exhibit 1, page 20, Article 3, Union Access and Communications, Section 3.3; and

   c. The Defendant's promise not to make derogatory comments about Plaintiff, its affiliate organizations and its leadership including, but not limited to, in any literature distributed by Defendant to the represented bargaining unit employees. Exhibit 1, page 24, Article 6, Distribution of Union Literature, Section 6.1.2 and page 77, Article 58, Mutual Respect and Commitment

Hall Prangle & Schoonveld, LLC
1140 North Town Center Drive, Ste. 350
Las Vegas, Nevada 89144
Telephone: 702-889-6400   Facsimile: 702-384-6025

13. On or about Friday, June 7, 2024, Defendant, through its officers, representatives, or agents gave notice to Plaintiff requesting access to Plaintiff's Hospital and Medical Center for the purpose of distributing Union literature. *See* Exhibit 1, pages 23, 24, Article 6, Distribution of Union Literature, Section 6.1

14. Defendant failed to provide Plaintiff a copy of the literature to be distributed as otherwise required under the Agreement. *See* Exhibit 1, page 24, Article 6, Section 6.1.2 ("A copy of the literature being distributed will be delivered to the Director of Labor relations at the time of distribution.") and Exhibit 3, page 130, June 10, 2024, email from Joan Kane, HCA Healthcare to Samuel Shaw, SEIU NV, Re Sunrise Hospital- violations of CBA

15. On or about June 7, 2024, Defendant distributed to represented bargaining unit employees a Defendant edition of a newly printed and bound Agreement not previously seen or agreed to by Plaintiff titled "Collective Bargaining Agreement Sunrise Hospital & Medical Center and Service Employees International Union Local 1107." On information and belief, Plaintiff contends that Defendant continues to distribute, make use of, and otherwise publish this Defendant edition of the bound Agreement.

16. The front cover of Defendant's distributed bound Agreement referenced in the above paragraph 15, includes three photographs of individuals with placards demanding, in four languages, "HCA Healthcare Put Patients Before Profits." Exhibit 2, page 127, Front and back covers to Defendant's document titled "Collective Bargaining Agreement Sunrise Hospital & Medical Center and Service Employees International Union Local 1107" (emphasis annotation added)

17. The back cover of Defendant's distributed bound Agreement has a graphic of a raised fist and the words "respect us and pay us." Exhibit 2, page 128, Front and back covers to Defendant's document titled "Collective Bargaining Agreement Sunrise Hospital & Medical Center and Service Employees International Union Local 1107" (emphasis annotation added)

18. On or about June 10, 2024, Plaintiff advised Defendant that the covers referenced in the above paragraphs 16 and 17 violated the Agreement, including the mutual respect obligation set out in Article 58, Section 58.1 of the Agreement and, thereupon, directed Defendant to collect and immediately remove the covers from each Union printed Agreement already distributed and from all Agreements to be distributed in the future. Plaintiff advised that if Defendant did not undertake the required action to correct the breach, Plaintiff would seek redress through available legal channels, though, at the same time, noting that Plaintiff anticipated compliance and redress making such legal action unnecessary. Exhibit 3, page 130 June 10, 2024, email from Joan Kane, HCA Healthcare, to Samuel Shaw, SEIU NV, Re Sunrise Hospital- violations of CBA), *see also* Exhibit 1, page 24, Article 6, Distribution of Union Literature, Section 6.1.2 and page 77, Article 58, Mutual Respect and Commitment, Section 58.1

19. In response to Plaintiff's June 10, 2024, email (Exhibit 3), Defendant declined to remove the objectionable covers, disagreeing that the covers violated the Agreement in general and, specifically, the mutual respect clause of Article 58. Exhibit 4, page 134, June 10, 2024, email from Jason Klumb, SEIU Local 1107, to Joan Kane, HCA Healthcare RE: Sunrise Hospital- violations of CBA

### E.  CAUSE OF ACTION:  BREACH OF CONTRACT

20. Plaintiff fully and completely incorporates the above statement of facts and, thereupon, along with other facts known or yet to be discovered, would state that such supports and proves Defendant's conduct has breached, and continues to, breach the parties collective bargaining agreement for which Plaintiff is entitled to relief from this Court.

21. During the Parties' contract negotiations leading to the Agreement, in rallies, traditional as well as social media, and, Plaintiff contends, other communications, Defendant used the slogan "patients over profit" to garner media coverage, build leverage, and rally members by attacking Plaintiff's commitment to care,

community, patients, and staff with the end goal being to create leverage for Defendant's contract demands. Indeed, the very placards reproduced in photographs on the contested Agreement covers critical of Plaintiff's policies relating to patient care and the delivery of patient services, were used by Defendant in such efforts.

22. Defendant knew, or should have known, the use or photographs and language tied to these attacks and derogatory comments about Plaintiff and affiliate organization, and its commitment and policies relating to patient care or the delivery of patient care as well as Plaintiff's staff on the front and back cover of distributed bound Agreement would be considered controversial and offensive to Plaintiff and contrary to the express language and promises in the Agreement to refrain from such conduct.

23. Upon learning of the derogatory messaging, Plaintiff requested Defendant take action to correct the situation by collecting the offending literature already distributed and removing offending photographs and messaging from future publication and use. Defendant refused and, Plaintiff contends, continues to publish and use the offending material.

24. Defendant's printing, distributing, and use of the Agreement bound with the front and back covers contained in Exhibit 2, or similar images or language critical of Plaintiff's commitment and policies relating to patient care or the delivery of patient care and its staff, or that of Plaintiff's affiliate organizations and leadership, is a breach of the Agreement and Defendant's promises to refrain from such derogatory, controversial, and divisive conduct.

25. Defendant's breach presents a real and ongoing likelihood of irreparable harm to Plaintiff's reputation, and that of its affiliate organizations and leadership, related to, and trust in, its commitment and policies associated with patient care or the delivery of that care as well as its employees.

26. The public interest in creating and maintaining trust in care provided and in promoting access to quality care in the region served, outweighs any interest Defendant may have in making and publishing the content now being challenged as violative of the Agreement.

27. Further, in the light of the above facts, the ongoing ramifications and injuries from Defendant's continuing breach, the balance of equities and any hardships incurred by Defendant or burden placed on Defendant under the sought after relief, weighs in favor of Plaintiff.

### F. REQUEST FOR RELIEF

Given the foregoing, and consistent with the Court's power to enjoin breaches of collective bargaining agreements under 301(a) as well as award other relief related to any such breach, Plaintiff seeks the following relief to be granted and ordered by the Court:

1. Preliminary Injunction enjoining, restraining, and requiring Defendant to
   a. Immediately cease printing, distributing, using, and/or any and all other forms of publication of the Agreement bound with the front and back covers contained in Exhibit 2 or any other type of cover which would contain similar images or language targeting and/or portraying Plaintiff, its affiliate organizations, and leadership in a similar fashion such that it violates the Defendant's contractual obligation; and
   b. Collect and destroy all such bound Agreements that have been distributed to date; and

2. Declaratory Relief finding Defendant's conduct set out herein and proven at trial in terms of Defendant's publication of the Agreement bound with the front and back covers contained in Exhibit 2 targeting and/or portraying Plaintiff, its affiliate organizations, and leadership, violates the Parties' Agreement; and,

3. Permanent Injunction enjoining, restraining, and requiring Defendant to refrain from printing, distributing, using, and/or any and all other forms of publication of images or language targeting and/or portraying Plaintiff, its affiliate

organizations, and leadership in a similar fashion as such use violates the Agreement; and,

4. Any and all other relief to which Plaintiff may be entitled based upon the findings and outcome of the trial of this matter.

DATED this 10th day of July, 2024.

                HALL PRANGLE & SCHOONVELD, LLC

By: */s/ Kenneth M. Webster, Esq.*
     KENNETH M. WEBSTER, ESQ.
     Nevada Bar No. 7205
     1140 North Town Center Drive, Ste. 350
     Las Vegas, Nevada 89144
     *Attorney for Plaintiff Sunrise Hospital & Medical Center*

**Index of Exhibits**

Exhibit 1                                                                                                         Page 11
   Collective Bargaining Agreement
   Sunrise Hospital and Medical Center and SEIU Local 1107
   June 16, 2023 through March 31, 2026

Exhibit 2                                                                                                         Page 126
   Front and back covers to Defendant's document titled "Collective Bargaining Agreement Sunrise Hospital & Medical Center and Service Employees International Union Local 1107" (emphasis annotation added)

Exhibit 3                                                                                                         Page 129
   June 10, 2024, email from Joan Kane, HCA Healthcare to Samuel Shaw, SEIU NV, Re Sunrise Hospital- violations of CBA

Exhibit 4                                                                                                         Page 133
   June 10, 2024, email from Jason Klumb, SEIU Local 1107, to Joan Kane, HCA Healthcare RE: Sunrise Hospital- violations of CBA